**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PERCY LAVAE BACON,

    Petitioner,                                       2:15-cv-01144-APG-PAL

vs.

                                                        **ORDER**

BRIAN WILLIAMS, *et al.*,

    Respondents.

_____/

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Percy Lavae Bacon, a Nevada Prisoner. Bacon filed his petition for writ of habeas corpus on June 17, 2015 (ECF No. 1). He paid the filing fee for his petition. Bacon claims that his federal constitutional rights were violated with regard to a parole hearing and denial of parole. Bacon's petition includes two claims for relief.

The court has reviewed Bacon's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As it is currently drafted, the petition does not state grounds for habeas corpus relief to which the respondents could reasonably be expected to respond. The court, therefore, will not order the respondents served at this time.

In Ground 1 of his habeas petition, Bacon claims that his federal constitutional right to due process of law was violated because he was not allowed to personally attend his parole hearing. With respect to a parole hearing, an inmate is constitutionally entitled to an opportunity to be heard.

1  *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).  However, Bacon does not clearly state that he
2  was denied an opportunity to be heard; rather, he alleges only that he was denied "a personal
3  appearance before the Nevada Board of Parole Commissioners."  *See* Petition for Writ of Habeas
4  Corpus (ECF No. 1), p. 3.  If it is Bacon's contention that he was denied an opportunity to be heard,
5  he must clearly state that allegation, and he must state specific factual allegations to support it.

6  Furthermore, Ground 1 is vague in that it does not state the date of the parole hearing that is
7  at issue.  *See id.*  Documents attached to Bacon's petition appear to refer to two different parole
8  hearings, one on July 21, 2008, and one on September 15, 2014.  Bacon must clarify which parole
9  hearing was conducted in violation of his constitutional rights as alleged in Ground 1.

10  With respect to Ground 2, it is difficult to determine what Bacon's claim is.  It appears that
11  the gist of Ground 2 is that Bacon was denied parole.  However, it is well-established that there is no
12  substantive federal right to release on parole, and the only federal right in the context of parole
13  hearings is a procedural right.  *See Swarthout*, 562 U.S. at 220-22.  The "beginning and the end of
14  federal habeas courts' inquiry" is whether the inmate received the minimal procedural protections
15  required under the Due Process Clause.  *Id.*

16  Moreover, Bacon's petition is insufficient with respect to his allegation that he has exhausted
17  his claims in state court.  Bacon states that he has exhausted all the claims in his petition, apparently
18  by means of a state-court post-conviction petition.  Petition for Writ of Habeas Corpus, p. 1.
19  However, Bacon does not state the date on which any such petition was filed in the state district
20  court; he does not state the date on which the appeal in such action was decided; and he does not
21  provide the case number of either the district court case or the Nevada Supreme Court case in which
22  his claims were exhausted.  Bacon must provide such specific information regarding his alleged
23  exhaustion of claims in state court, such that respondents may reasonably be expected to respond.

24  The court will grant Bacon an opportunity to file a first amended petition for writ of habeas
25  corpus to attempt to cure the shortcomings of his petition described above.  When drafting the first
26  amended petition, the petitioner should write the words "First Amended" into the caption to indicate

it is such.  If Bacon does not comply with this order, and file, within the time allowed, a first amended petition for writ of habeas corpus, rectifying the shortcomings in his petition described above, this action will be dismissed.

**IT IS THEREFORE ORDERED** that petitioner shall have until and including **July 31, 2015,** to file a first amended petition for writ of habeas corpus in this action, as described above.

**IT IS FURTHER ORDERED** that, if petitioner does not comply with this order, this action will be dismissed.

Dated this 19th day of June, 2015.

UNITED STATES DISTRICT JUDGE